## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 3762 | **DATE** | 10/15/2012 |
| **CASE TITLE** | Brumund, Jacobs, Hammel, Davidson & Andreano, LLC vs. Nicholas Kefalos | | |

**DOCKET ENTRY TEXT**

For the reasons set forth in this order, the Court denies Debtor's motion to withdraw the reference [1] and terminates this case.

■[ For further details see text below.]

Docketing to mail notices.

---

### STATEMENT

Plaintiff filed an adversary complaint against Debtor asking the bankruptcy court to hold that a monetary sanction he owes plaintiff pursuant to a state court order is a non-dischargeable debt. (*See* Mot. Withdraw Reference, Ex. A, Adversary Compl.) Debtor now asks the Court to withdraw the adversary complaint from the bankruptcy court.

The Court must do so if resolving the complaint "requires consideration of both title 11 and other laws of the United States." 28 U.S.C. § 157(d). It does not. The claim asserted in the adversary complaint, that the state court sanction is a nondischargeable debt, falls within the bankruptcy court's core jurisdiction and will be resolved solely under title 11. *See* 11 U.S.C. § 523(a)(6) ("A discharge . . . does not discharge an individual debtor from any debt . . . for willful and malicious injury by the debtor to another entity or to the property of another entity"); 28 U.S.C. § 157(b)(2)(I) ("Core proceedings include . . . determinations as to the dischargeability of particular debts."). Thus, the adversary complaint is not subject to mandatory withdrawal.

Permissive withdrawal is also not appropriate. *See* 28 U.S.C. § 157(d) (stating that the Court may withdraw a reference "for cause shown"); *In re Hedstrom Corp.*, No. 05 C 6888, 2006 WL 1120572, at *1 (N.D. Ill. Apr. 24, 2006) ("[C]ourts generally consider the following factors in determining whether a reference should be withdrawn: judicial economy, promotion of uniformity and efficiency in bankruptcy administration, reduction of forum shopping, delay and costs to the parties, the particular court's familiarity with the case, and whether the adversary proceeding is core or non-core.") (quotation omitted). Debtor has vigorously litigated the adversary complaint before the bankruptcy court since it was filed in November 2011. It was only after the bankruptcy court denied his motions for a default judgment, to dismiss the complaint and to vacate its decision to abstain from addressing plaintiff's claim until the amount of the sanction was finally determined that Debtor asked for the reference to be withdrawn. Given that Debtor appears to be shopping for a "better" forum to litigate this core proceeding, the Court declines his request for permissive withdrawal.